IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01850-CMA-MJW

GERALD LEWIS and
ALISON MAYNARD,

Plaintiffs,

v.

JOHN GLEASON,
JAMES COYLE,
APRIL SEEKAMP a/k/a APRIL MCMURREY,
WILLIAM LUCERO,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
MICHAEL BENDER,
DAVID R. LASS,
KAREN ROMEO,
THOMAS W. OSSOLA,
GILBERT ROMAN,
JERRY N. JONES,
GALE MILLER,
VICTOR BOOG,
ROBERT SWENSON,
BRUCE E. ANDERSON,
JUDITH ANDERSON,
GLENN PORZAK,
DON KNOX, d/b/a "StateBillNews.com"
NELSON LANE, and
CIRCUIT MEDIA, LLC, d/b/a Law Week Colorado,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the State Defendants' Motion to Stay Discovery and Disclosure and to Vacate Scheduling Conference Pending Determination of Their Motion to Dismiss Based on Absolute Immunity and Other Grounds (docket no. 63) is **GRANTED** for the following reasons listed below. The Rule 16 Scheduling Conference set before Magistrate Judge Watanabe on November 16, 2010, at 9:30 a.m. is

**VACATED** and **all discovery and disclosure requirements under Rule 26(a)(1) are STAYED** until further Order of Court.

  This court can rule on a motion at any time after it is filed.  <u>See</u> D.C.COLO.LCivR 7.1 C which states, *in pertinent part*, ". . . Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."  On October 21, 2010, the State Defendants filed a Motion to Dismiss (docket no. 56) which seeks dismissal on grounds of absolute judicial and prosecutorial immunity in addition to the *Rooker-Feldman* and abstention doctrine defenses.  Even though the Complaint alleges multiple claims including a claim for defamation against the Colorado Supreme Court Office of Attorney Regulation Counsel, judicial economy dictates that a STAY of all discovery and disclosures under Rule 26(a)(1) should enter until the court has ruled on the State Defendants' Motion to Dismiss (docket nol. 56).  Moreover, the Tenth Circuit has held that discovery and other litigation activities should be STAYED or limited as necessary to determine issues regarding immunity.  <u>Workman v. Jordan</u>, 958 F.2d 332, 335 (10th Cir. 1992).

Date:   November 8, 2010