**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 10-cv-01850-REB-MJW

GERALD LEWIS, and
ALISON MAYNARD,

      Plaintiffs,

v.

JOHN GLEASON,
JAMES COYLE,
APRIL SEEKAMP, a/k/a APRIL McMURREY, employees of the Colorado Supreme Court Office of Attorney Regulation Counsel, in their individual capacities,
WILLIAM LUCERO, presiding disciplinary judge of the Colorado Supreme Court, in his individual capacity,
MARY MULLARKEY,
GREGORY J. HOBBS, JR.,
MICHAEL BENDER, justices of the Colorado Supreme Court, in their individual capacities,
DAVID R. LASS, former Summit County District Court judge, in his individual capacity,
KAREN ROMEO, current Summit County District Court judge, in her individual capacity,
THOMAS W. OSSOLA, former Garfield County District Court judge and water judge for Water Division 5, in his individual capacity,
GILBERT ROMAN,
JERRY N. JONES,
GALE MILLER, judges of the Colorado Court of Appeals, in their individual capacities,
VICTOR BOGG,
ROBERT SWENSON,
BRUCE E. ANDERSON,
JUDITH ANDERSON,
GLENN PORZAK,
DON KNOX, d/b/a "StateBillNews.com" and
NELSON LANE, individuals, and
CIRCUIT MEDIA, LLC, d/b/a Law Week Colorado, a Colorado limited liability corporation,

      Defendants.

## ORDER OF RECUSAL

**Blackburn, J.**

      This matter comes before me *sua sponte*. To eschew the appearance of impropriety, I conclude that I must recuse myself from this case.

As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." *Maez v. Mountain States Telephone & Telegraph, Inc.,* 54 F.3d 1488, 1508 (10th Cir. 1995). Pursuant to 28 U.S.C. § 455, a judge should recuse himself from a case when his participation in the case creates an appearance of impropriety. *See United States v. Pearson*, 203 F.3d 1243, 1264 (10th Cir.), *cert. denied*, 120 S.Ct. 2734 (2000). The standard under 28 U.S.C. § 455(a) is an objective one, requiring recusal only "if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted).

I have a close personal and professional relationship with several of the named defendants in this action, specifically the justices of the Colorado Supreme Court. Accordingly, my impartiality might reasonably be questioned, and the appearance of impropriety may very well exist, warranting my *sua sponte* recusal and disqualification as required by 28 U.S.C. § 455 (a) and Canon 3.C(1) of the Code of Conduct for United States Judges, 175 F.R.D. 364, 368 (1998).

**THEREFORE, IT IS ORDERED** as follows:

1. That under 28 U.S.C. § 455(a), I **RECUSE** myself from this case; and

2. That the case **SHALL BE REASSIGNED** pursuant to D.C.COLO.LCivR 40.1B. and F.

Dated March 22, 2011, in Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge